Case 2:00-cv-00217   Document 88   Filed on 10/04/18 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
October 04, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| NANCY "SHAE" SALINAS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:00-CV-217 |
| § | |
| NUECES COUNTY COMMUNITY § | |
| SUPERVISION AND CORRECTIONS § | |
| DEPARTMENT, *et al*, § | |
| § | |
| Defendants. § | |
| § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS CASE

Plaintiff Nancy "Shae" Salinas filed this action on May 30, 2000, alleging that her constitutional rights were violated by her supervisor, Eddie Gonzalez, in connection with her termination from the Nueces County Community Supervision and Corrections Department (CSCD). Nothing substantive has happened in this case since July 30, 2002. An order to show cause why Plaintiff's case should not be dismissed for want of prosecution was filed August 23, 2018 and the order was mailed to Plaintiff at her address on record (D.E. 87). Plaintiff was given twenty days to show cause why her case should not be dismissed for want of prosecution and to date, she has not responded. As discussed more fully below, because it appears that Plaintiff has abandoned her claims, it is recommended that her case be dismissed with prejudice for failure to prosecute.

## BACKGROUND

Plaintiff filed an original complaint on May 30, 2000 alleging that she was terminated from her position as a probation officer because she spoke out about

administration practices, opposed and reported violations of the law, and exercised her rights through the grievance system, the judicial system, or both. She sought relief via 42 U.S.C. § 1983 for violation of her First Amendment right to free speech (D.E. 1). The case proceeded in typical fashion and on October 18, 2000, Plaintiff filed a second amended complaint which contained more detailed factual allegations (D.E. 30). Defendant Gonzalez filed two motions to dismiss (D.E. 24, 33). The motions were granted in part and denied in part on June 8, 2001, with the result being that Plaintiff was allowed to proceed against defendant Gonzalez in his individual capacity on a First Amendment claim, but her claim against Gonzalez in his official capacity was dismissed (D.E. 39, 51).

In the meantime, on January 5, 2001, Gonzalez filed a motion for summary judgment arguing that he was entitled to qualified immunity with regard to Plaintiff's allegations, to which Plaintiff responded on February 5, 2001 (D.E. 38, 45). On January 11, 2001 Plaintiff filed an unopposed motion to stay the scheduling order pending resolution of the motion for summary judgment (D.E. 40). A hearing to discuss the motion to stay the scheduling order was set for February 8, 2001 (D.E. 43). On February 7, 2001 the Court ordered that the hearing on Gonzalez's motion to stay would be rescheduled (D.E. 47). On March 2, 2001 the Court ordered the parties to appear on March 9, 2001 to hear the motion on the scheduling order (D.E. 48). There is no record indicating that the hearing was held on that date.

On April 11, 2001 the Court set a final pre-trial conference for June 12, 2001 (D.E. 49). On June 6, 2001, Gonzalez filed an unopposed motion to stay the pretrial

hearing and trial setting, noting that a pretrial hearing was set for June 12, 2001 and a jury trial had been scheduled for June 18, 2001. Gonzalez asked that the hearing and trial dates be stayed until the Court ruled on the motion for summary judgment based on qualified immunity (D.E. 50). On June 8, 2001 the Court reset the final pre-trial conference in the case for June 15, 2001 (D.E. 52). On June 12, 2001, the Court sent notice to the parties that the motion to stay the pretrial hearing and trial setting, the motion to stay the scheduling order, and the motion for summary judgment would be heard on June 15, 2001, the same day as the final pretrial conference (D.E. 53).

On June 14, 2001, Gonzalez filed a notice of interlocutory appeal with the Fifth Circuit Court of Appeals (D.E. 54). He asserted that he was appealing from the District Court's failure to rule on his motion for summary judgment. He asserted that he had spoken to the court administrator who told him that the Court had not ruled on either the summary judgment motion or the motion to stay the trial. On the same day, the Fifth Circuit stayed all proceedings in the case, including the June 15, 2001 trial (D.E. 55). The next day, the final pre-trial conference and the hearing on the motions were held as scheduled, but Gonzalez's counsel did not appear. The Court discussed the interlocutory appeal, and noted that no jury selection would occur on June 18, 2001 (D.E. 56).

On June 18, 2001, the Court sent notice to the parties that a hearing on the motion for summary judgment would be held on June 27, 2001 (D.E. 57). The hearing was held and the Court granted the motion for summary judgment on June 29, 2001 (D.E. 59, 60).

On July 10, 2001 Gonzalez notified the Court that he had moved to dismiss his interlocutory appeal and the Fifth Circuit dismissed the appeal on July 30, 2001 (D.E. 61,

62). In the interim, Plaintiff filed a notice of appeal on July 26, 2001 challenging the grant of summary judgment, and arguing that the ruling by the District Court violated the stay that had been entered in the case (D.E. 62, 72). On July 31, 2001, the District Court issued findings of fact and conclusions of law in support of its grant of summary judgment and also entered final judgment in the case (D.E. 64, 65).

On April 30, 2002, the District Court withdrew its ruling on the motion for summary judgment, finding that it had been entered in violation of the stay imposed by the Fifth Circuit. The Court further noted that no clear language was found in the Court of Appeals' opinion lifting the stay and therefore the District Court would take no further action until further notice from the Court of Appeals (D.E. 69).[1]

The District Court set the matter for a hearing on July 1, 2002 (D.E. 72). Plaintiff's attorney filed a motion to withdraw which was granted that day (D.E. 75, 76). The hearing ultimately was held on July 30, 2002 and Plaintiff appeared *pro se*. The Court told Plaintiff that she would be given an opportunity to review the record and submit in writing under oath any issues that she believed were error by the State of Texas and to raise issues regarding any statement of law. Plaintiff told the Court that she did not wish to open the record, but wanted the Court to make a decision based on the record before it. The Court closed the record and took the matter under advisement (D.E. 80).

Nothing substantive has happened in this case since that time. Plaintiff did not submit briefing and the District Court never ruled on the motion for summary judgment.

---

[1] The certified copy of the order from the Court of Appeals issued as a mandate on May 17, 2002 and is located along with the opinion at D.E. 70 and 71. The original order was dated April 23, 2002.

The review of the record, as described above, indicates that there were multiple instances of miscommunication by the courts and the parties, and that pleadings may have overlapped in the mail, causing confusion about proceedings in the case. Nevertheless, the motion for summary judgment, filed on January 5, 2001, has never been ruled upon.

## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides the following:

> (b) **Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except for one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

A court may *sua sponte* dismiss an action for failure to prosecute. *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997). "'The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts.'" *Id.* (quoting *Link v. Wabash Railroad*, 370 U.S. 626, 630-31(1962)). "A dismissal with prejudice is an extreme sanction that deprives the petitioner of the opportunity to pursue his claim further." *Curtis v. Quarterman*, 340 Fed. Appx. 217, 218 (5th Cir. 2009). Therefore, district courts have limited discretion to dismiss a claim with prejudice. *Id.*

However, when claims would be time-barred if refiled, a dismissal without prejudice is, in effect, a dismissal with prejudice and is treated as such by the Fifth Circuit. *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006). Dismissals with prejudice should be granted only where there is "'a clear record of delay

or contumacious conduct by the plaintiff [ ] and where lesser sanctions would not serve the best interests of justice.'" *Id.* at 417 (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982) and *Tello v. Comm'r*, 410 F.3dd 743, 744 (5th Cir. (2005)). If Plaintiff's case is dismissed, any refiling will be barred by the two-year statute of limitations applied in cases brought under 42 U.S.C. § 1983.[2] Thus it should only be dismissed upon a showing of delay or contumacious conduct and if a lesser sanction would not serve the ends of justice.

More than sixteen years have passed without Plaintiff contacting the Court in any manner. Thus, it is clear that an undue delay has occurred. *See Hickman v. Fox Television Station, Inc.*, 231 F.R.D. 248, 253 (S.D. Tex. 2005) (noting that while short delays in a case are normal, delays in proceedings that last for more than one year and cause the action to come to a standstill are entirely unacceptable). Regarding application of a lesser sanction, Plaintiff was advised via the order to show cause of what she needed to do to keep her case on the docket and failure to reply to such an order confirms that lesser sanctions would have been unavailing. *Malone v. Cononie*, 189 F.3d 466 (5th Cir. 1999) (per curiam). *See also Bowers v. Estrada*, No. 3:94-CV-2661-D, 1996 WL 722076 (N.D. Tex. 1996) (describing issuance of order to show cause as a lesser sanction).

Plaintiff in this case has failed to contact the Court for sixteen years and failed to respond to an order to show cause mailed to her last known address. Nothing in the proceedings indicates that a lesser sanction would serve the best interests of justice.

---

[2] The limitations period for a claim brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state, which in Texas is two years. *Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005).

Accordingly, it is respectfully recommended that her cause of action be dismissed with prejudice for failure to prosecute.

Respectfully submitted this 4th day of October, 2018.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).